Singh v. Garland

BIA
Christensen, IJ
A209 153 914

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand twenty-three.

PRESENT:
> **DEBRA ANN LIVINGSTON,**
> *Chief Judge,*
> **BETH ROBINSON,**
> **MARIA ARAÚJO KAHN,**
> *Circuit Judges.*

_____

**SANJEEV SINGH,**
> *Petitioner,*

> **v.**                                                              **21-6205**
>                                                                       **NAC**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

_____

**FOR PETITIONER:**          Suraj Raj Singh, Esq., Richmond Hill, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sanjeev Singh, a native and citizen of India, seeks review of a March 11, 2021, decision of the BIA affirming a February 14, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sanjeev Singh,* No. A 209 153 914 (B.I.A. Mar. 11, 2021), *aff'g* No. A 209 153 914 (Immig. Ct. N.Y. City Feb. 14, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have "review[ed] the IJ's decision including the portions not explicitly discussed by the BIA." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review adverse credibility determinations "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and the agency's

2

fact-finding is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . , without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the agency's adverse credibility determination. Singh alleged that he was twice attacked by members of the Shiromani Akali Dal Badal Party on account of his work for the Shiromani Akali Dal Amritsar Party. Multiple inconsistencies within Singh's testimony and between his testimony and documentary evidence regarding the attacks provide

3

substantial evidence for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude [a noncitizen] from showing that an IJ was compelled to find [the noncitizen] credible. Multiple inconsistencies would so preclude even more forcefully.").

For example, Singh's testimony was internally inconsistent and inconsistent with a letter from his uncle about who was at his home when he arrived there following the first attack. He testified that the only people at his home when he returned following the first attack were his father, mother and sister, and he didn't see any other extended family members on his way to the police station to report the assault. When confronted with a letter from his uncle indicating that the uncle was present when Singh returned home, he first explained that the uncle lives next door, then said his father called the uncle and talked to him, and then testified that his uncle was "standing there" with his mother, sister and father when he returned home. When reminded that he had previously testified that only his mother, sister and father were home, he testified, "Because our walls are very small over there."

The agency was not required to credit Singh's explanations for these

4

inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (explaining that to secure relief a petitioner must demonstrate that a reasonable fact-finder would be *compelled* to credit the petitioner's explanation for inconsistent testimony). Singh's explanation that his uncle saw him because he lived next door was inconsistent with his express testimony that he saw no other extended family members when he returned home after the attack.

Likewise, Singh's testimony about when he went into hiding at an uncle's house following the second attack was inconsistent with the IJ's reasonable interpretation of his written statement. Singh testified that after the second attack he went to the doctor and then directly to his uncle's house where he remained until he left the country. In his written statement, he wrote that after the attack he was in immense pain, limped home, and "told my parents about the attack." Certified Administrative Record 289. He was taken to the village doctor. Singh wrote, "My parents suggested me to decrease my activities or I might get killed. After few days, my parents house. I stayed hidden for a couple of days at my uncle's house." *Id*. Confronted with the inconsistency, he said maybe there was a typing error in his written statement. Again, the IJ was not required to credit this explanation. *Majidi*, 430 F.3d at 80.

Moreover, the agency reasonably concluded that Singh's documentary evidence did not rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency reasonably gave medical records little weight because they were not contemporaneous and listed an incorrect date of birth. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). And the affidavits from Singh's family were "strikingly similar" in content and formatting, and they were from interested parties who were unavailable for cross-examination. *See Mei Chai Ye v. U.S. Dep't of Just.*, 489 F.3d 517, 524–25 (2d Cir. 2007) (holding that we have "firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statement are 'canned'"); *see also Y.C.*, 741 F.3d at 334.

The multiple inconsistencies and lack of reliable corroborating evidence provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8; *Xiu Xia Lin*, 534 F.3d at

6

167 (holding that "cumulative effect" of even minor inconsistencies may "be deemed consequential" (quotation marks omitted)); *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same discredited factual claims.   *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court